IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>SHAWN ROGER BERGSTRAND,<br><br>           Defendant. | Criminal No.  1:13-cr-0157<br><br>**PLEA AGREEMENT** |

Pursuant to **Rule 11(c)(1)(A)** of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, defendant, Shawn Bergstrand, and defendant's attorney, Heather Mitchell, agree to the following:

1. Defendant acknowledges the Information in this case charges a violation of Title 18, United States Code, Section 2422(a).

2. Defendant has read the charge and defendant's attorney has fully explained the charge to defendant and Defendant waives prosecution by Indictment, pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure.

3. Defendant fully understands the nature and elements of the charged crime.

4. Defendant will voluntarily plead guilty to the lone count of the Information.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c).  The parties specifically agree that Rule 11(c)(1)(C) does not apply.  If the United States makes the

non-binding guidelines recommendations specified in this Plea Agreement, then defendant acknowledges this agreement will have been fulfilled. As provided in Rule 11(c)(5), the Court's refusal to accept all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6.  Defendant will plead guilty because defendant is in fact guilty of the charge contained within the Information. In pleading guilty the defendant acknowledges that:

From on or about June 6, 2013 until on or about July 25, 2013, the defendant, did knowingly attempt to persuade, induce, entice and coerce a minor, the Defendant believed had not attained the age of 18 years, to travel in or affecting interstate commerce to engage in any sexual activity for which any person could be charged with an offense.

Defendant agrees that the attempted travel, while intrastate, would have affected interstate or foreign commerce by virtue of the mode of transportation, hotel rental or the products used in affecting the travel for illicit activity.

7.  Defendant understands the charge carries the following maximum penalties:

| | |
|---|---|
| Imprisonment: | Up to 20 years. |
| Fine: | Up to $250,000 |
| Supervised Release: | 5 years, up to life |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

   (a) The right to a speedy public jury trial and related rights as follow:

   (i) A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

   (ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

   (iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for

    defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

    (iv) At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify.  No inference of guilt can be drawn from defendant's refusal to testify.  Defendant can choose to testify, but cannot be required to testify.

 (b) Defendant has a right to remain silent.  However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial.  Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 2013 (USSG)).  Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.  The United States expressly reserves the right to appeal from an unreasonable sentence.

11.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute defendant for any offenses under their jurisdiction.  This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13.     The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct maybe 24.  (USSG § 2G1.3(a)(4)).

14.     The parties agree that the following upward adjustments may be applicable in this case:  +2 Use of a computer.  (USSG § 2G1.3(b)(3)); and

+2 Conduct involving a commercial sex act.  (USSG § 2G1.3(b)(4)).

15.     The parties agree that the following downward adjustments are applicable in this case:  None.

16.     At sentencing, United States agrees to recommend a two-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility.  (USSG § 3E1.1(a))  The United States further agrees to move for an additional one-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently.  (USSG 3E1.1(b))

5

17.     Both parties acknowledge that neither the Probation Office nor the Court are bound by the agreement of the parties as to the Sentencing Guidelines, and that the Court may impose a sentence anywhere within the applicable Sentencing Guideline range, and that the Court may depart upward or downward from that range if the Court, on the record, indicates what factors exist that were not contemplated by the Sentencing Guidelines Commission which justify the upward or downward departure. Both parties reserve the right to object to any departure from the applicable Sentencing Guideline range proposed by the Court on its own motion.

There may be other upward or downward adjustments applicable in this case that are not listed in this Plea Agreement. If there are other upward or downward adjustments contained within the pre-sentence investigation report's Sentencing Guideline calculations that are not listed within this Plea Agreement, the parties will be permitted to advocate for or against application of those adjustments at their discretion. Inclusion of any upward or downward adjustment not contained within this Plea Agreement in the Sentencing Court's determination of the Sentencing Guideline range at the sentencing hearing does not entitle the Defendant a right to appeal beyond that provided within the paragraph identified as "Appeal Waiver" below.

18.     At sentencing, the United States will

    (a)     recommend a sentence within the applicable Guideline range;

    (b)     recommend a 5 year period of supervised release;

    (c)     recommend a Special Assessment of $100; and

      (d)    move to dismiss the counts contained in the original Indictment.

19.    At sentencing, the Defendant is free to

      (a)    recommend any sentence, variance or downward departure; and

      (b)    recommend any term of supervised release, pursuant to 18 U.S.C., § 3583(k).

20.    Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration, if defendant commits such acts in connection with this agreement or otherwise.

21.    Defendant acknowledges that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term in defined in the Act. Defendant further agrees that pursuant to

the Act, he is required to register as a sex-offender, and keep the registration current, in each jurisdiction where Defendant resides, is employed, or is a student. Defendant further agrees that for initial registration purposes only, defendant is required to also register in the jurisdiction in which defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

22. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

23. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this plea agreement.

24. <u>Appeal Waiver</u>: Defendant waives his right to appeal his conviction and the Court's entry of judgment against him, including an appeal of any motions, defenses, probable cause determinations, and objections which he has asserted in this case. The defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as

8

recognized and permitted by United States v. Andis, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is the following: (1) should the defendant fail to withdraw his plea, upon notice that the Court is rejecting the Plea Agreement, the defendant retains the right to appeal any sentence imposed which is greater than the upper limit of the sentencing guideline range determined by the sentencing court at the sentencing hearing.

The defendant agrees to waive any right to contest his conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255(f)(3) premised on a right newly recognized by the United States Supreme Court.

25.    The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

26.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

                                                TIMOTHY Q. PURDON
                                                United States Attorney

Dated: 1-7-2014     By: _____
                                                Gary L. Delorme
                                                Assistant United States Attorney

Dated: 1-6-14     _____
                                                Shawn R. Bergstrand
                                                Defendant

Dated: 1/6/14     _____
                                                Heather Mitchell
                                                Attorney for Defendant