UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

SOUTHWESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SHAWN ROGER BERGSTRAND,

Defendant.

1:13-cr-0157

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Shawn Bergstrand, files this Sentencing Memorandum and requests that this Court impose a variance. Considering the nature and circumstances of the offense, and the history and characteristics of the Defendant, and the need for the sentence imposed, a sentence of imprisonment for 57-71 months is unjustifiably harsh, and greater than necessary to achieve the goals of sentencing established by Congress. For the following reasons, the Defendant respectfully requests that this Court sentence him to a term of probation.

3553(a) Factors

A variance is warranted in this case considering the nature and circumstances of the offense, and the history and characteristics of Mr. Bergstrand. As the Court knows, this offense resulted due to a sting operation conducted by undercover law enforcement. As detailed in the Pre-Sentence Investigation Report, at some point during the communications, Mr. Bergstrand stopped communication with the undercover officer, and requested that they no longer contact him. The undercover officer re-initiated contact 11 days later.

Mr. Bergstrand acknowledges that he made a mistake in responding to the ad on Craigslist, and in continuing contact upon being approached again by the undercover officer. Aside from this one out of character mistake, however, Mr. Bergstrand has lived a law abiding lifestyle. This Court has received a multitude of letters of support from various members of the community that clearly illustrate the characteristics of Mr. Bergstrand. It's obvious from these letters that Mr. Bergstrand was, and for the most part still is, a well respected, and productive member of society.

A lengthy sentence of imprisonment is unnecessary to reflect the seriousness of the offense, to promote respect for the law, or to provide just punishment. Mr. Bergstrand is now painfully aware of the seriousness of the offense. As Your Honor can see from the letters of support filed in this case, Mr. Bergstrand has lost everything as a result of this case. Imprisonment is not necessary because Mr. Bergstrand has been punished in ways that no Court could order. He has lost his job. Mr. Bergstrand was well respected, trusted, and successful in his field of finance. Due to this conviction, he will never work in that field again. He has lost his wife, and family. Mr. Bergstrand's wife divorced him due to this offense. He had to move from his house, and now lives in an apartment with his brother. Mr. Bergstrand is unable to afford a home of his own at this point because he has taken a significant pay cut due to not being able to work in the field of finance. He works as a laborer for Outdoor Services, Inc., and makes $1,650 a month, much of which goes to his child support obligations. Mr. Bergstrand is no longer able to attend school functions for his children due to the nature of this conviction, and he will have to register as a sex offender, which will have a continuing detrimental impact on his ability to be active in school functions for his children, and some day coach his son in hockey.

In addition, a lengthy sentence of imprisonment is unnecessary to afford adequate

deterrence to criminal conduct, or to protect the public from further crimes of the defendant. As detailed in part above, and more thoroughly in the Pre-Sentence Report, and letters of support, this offense has thoroughly devastated Mr. Bergstrand. He's lost 45 pounds, he's now on medication for depression, and to be able to sleep at night. This will be the last any court will ever see of Mr. Bergstrand. The total loss of his life as he knew it is sufficient deterrence. As Mr. Bergstrand stated in his letter to the Court, he would like to be able to speak with people about the devastation this type of offense can have on a life. A lengthy term of probation that would require Mr. Bergstrand to participate in such an outreach program, and to tell his story, would provide much more deterrence than a lengthy sentence of imprisonment. Just prior to Indictment on Federal charges, Mr. Bergstrand participated in a psychosexual evaluation with Dr. Ascano. The report concluded that Mr. Bergstrand is not prone to violent behavior, not a profound risk to public safety, and at low risk for recidivism.

Last, a lengthy sentence of incarceration is not necessary to provide Mr. Bergstrand with needed educational or vocational training, or correctional treatment. Mr. Bergstrand is a well educated professional who, while unable to work in insurance or securities due to this conviction, will no doubt be able to secure adequate employment. After his arrest, Mr. Bergstrand sought out counseling on his own to try, and figure out why he did something so out of character. He continues in therapy to this day.

A sentence to a term of probation will properly accomplish the stated goals of 18 U.S.C. § 3553(a)(2). As the United States Supreme Court clearly articulated in *United States v. Gall*, a term of supervision is a substantial restriction of ones liberty. *United State v. Gall*, 552 U.S. 38, 48 (2007). Shawn Bergstrand would be subject to multiple standard conditions as well as any special conditions this Court finds appropriate. *Id*. at 48-9. As sentence to a term of

imprisonment would be counterproductive in this case in that Mr. Bergstrand clearly understands the consequence that this offense has had, and will continue to have in his life, yet has made efforts to move forward, and return to the law abiding lifestyle he has lived for the majority of his life. *Id*. at 44. See also United States v. Garate, 543 F. 3d 1026 (8th Cir. 2008) (holding that a sentence of 30 months, departing from the Guideline Range of 57-71, in a case involving travel with intent to engage in sexual contact with a minor was not unreasonable in light of *Gall*.)

For the forgoing reasons, the Defendant respectfully requests that this Court sentence him to a lengthy term of probation.

Dated this 5th day of May, 2014.

Respectfully submitted,

NEIL FULTON
Federal Public Defender
By:

*<u>/s/ Heather M. Mitchell</u>*

Heather M. Mitchell
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
Districts of South Dakota and North Dakota
324 North 3rd Street, Suite 1
Bismarck, ND 58501
Telephone: 701-250-4500 Facsimile: 701-250-4498
filinguser_SDND@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2014, the following document(s):

**Defendant's Sentencing Memorandum**

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Gary Delorme
Gary.delorme@usdoj.gov

I further certify that copy of the foregoing documents and the Notice of Electronic Filing will be mailed first class mail, postage paid, to the following non-ECF participants:

*/s/ Heather M. Mitchell*
Heather M. Mitchell
Assistant Federal Public Defender