IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:13-CR-00157 |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' SENTENCING** |
| | ) | **MEMORANDUM** |
| v. | ) | |
| | ) | |
| SHAWN ROGER BERGSTRAND, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by Timothy Q. Purdon, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, files this sentencing memorandum in support of the United States' sentencing recommendation.

A one-count Indictment was filed against Shawn Bergstrand ("Bergstrand") on September 18, 2013, charging him with Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Pursuant to a plea agreement, a single count Information will be filed at the time of sentencing charging Bergstrand with essentially the same conduct, pursuant to 18 U.S.C. § 2422(a), but effectively reducing his exposure from a 10-year mandatory minimum sentence.

The PSR guidelines and criminal history calculations result in adjustments that will reflect a total offense level of 25, with a criminal history category of I. Under a total offense level of 25 and criminal history category of I, the appropriate guideline range is 57-71

1

months. The United States is recommending a within-the-guidelines-range sentence of 60 months imprisonment, a 5-year term of supervised release, and a $100 special assessment.

## OFFENSE CONDUCT

Bergstrand responded to an online posting that warned that a particular ad, which appeared to offer sexual activity with minors, was legitimate and to stay away. Bergstrand, avoiding the warning, responded to the ad on June 7, 2013 and inquired of an undercover officer what the ad offered. Bergstrand was informed that the ad was posted by a mother who was willing to sell the services of her 15 and 17-year-old daughters to males for sexual activity.

From June 7 to June 15, 2013, Bergstrand communicated numerous times with the undercover officer and attempted to negotiate a price to engage in sexual acts with both minors. He also asked numerous times for pictures of the minor females. On or about June 15, 2013 the Bismarck Tribune ran an article highlighting the arrest of several individuals who had also responded to the same ad as Bergstrand. Based upon the article, Bergstrand asked the undercover to no longer contact him.

On June 26, 2013 the undercover officer sent Bergstrand an email indicating that he/she would be in the area again and would have the daughters available. There was some discussion about the news article and the undercover assured Bergstrand that he/she was not a "cop." Bergstrand again started negotiating a price that would allow him to engage in sexual activity with the minors.

During these communications Bergstrand asked questions such as: "they like each other's pussy???", "what do they like done to them?", "do they go down on each other?", "can I go down on them?", and "they swallow?" Bergstrand also asked about their physical appearance. Ultimately Bergstrand negotiated to pay $300 for 30 minutes with both the 15- and 17-year-old females at a hotel located in Bismarck. Bergstrand, in his negotiations, said he would obtain and pay for the hotel room.

On July 25, 2013, after nearly two months of negotiations, Bergstrand was arrested after he arrived at the designated hotel to prepay for the room. During his arrest Bergstrand initially resisted, requiring arresting officers to take Bergstrand down to the ground.

It should also be noted that Bergstrand required two references from the undercover to ensure that this was "legit." The undercover officer provided email addresses to two other undercover email accounts and Bergstrand indeed contacted the references and inquired about the legitimacy of the two minor females, as well as what they were willing to do sexually.

<u>18 U.S.C. § 3553(a) Factors</u>

Bergstrand, in his sentencing memorandum, argues essentially that he had so much to lose, and has indeed lost, that the Court should consider a variance resulting in a sentence of probation. A full review of the 3553(a) factors does not appear to allow one's stature in the community, one's wealth or the loss of one's family, friends or otherwise, as grounds for a variance.

Shawn Roger Bergstrand knew far better than anyone else what he stood to lose if he were caught arranging to have sex with children.  Yet he disregarded the risk and spent two months negotiating the criminal sexual conduct for which he was arrested.  He took the gamble and chose a course resulting in personal loss; but, that personal loss should not deter this Court from imposing an appropriate sentence.

A guideline sentence is presumptively fair and appropriate.  More importantly, the guidelines attempt to place defendants with similar criminal misconduct in similar positions as far as exposure to imprisonment.  Bergstrand is similarly situated to every other defendant with little or no prior criminal history arrested as a result of recent online sting operations.

The guidelines in each of these similarly situated cases sets a presumptively fair sentencing guideline range of 57-71 months.  The United States intends to recommend a within-the-guideline-range sentence for each of these individuals with varying terms dependent upon the particular conduct involved.  In this case Bergstrand, who has children just 6 years younger than one of the alleged victims, turned a blind eye to the fact that two minor females may be involved in forced sexual servitude while he "negotiated" the best price he could get.  He had an opportunity to report the conduct and be a hero; instead he chose to attend to his own deviant sexual desires. Unlike several of the other sting defendants, Bergstrand not only chose to sexually assault one minor, but two, simultaneously.  His communications are explicit about his desire not only to sexually

gratify himself, but also to degrade the minors by requesting incestual sexual contact and acts to be performed by the minors in his presence.

Again, there are no statutory factors that suggest that a defendant who loses more money and community stature should be treated differently. That notion is, in fact, contrary and repugnant to the American system of criminal justice. The symbolism of Lady Justice's blindness anticipates this very argument.

## Recommendation

The United States is recommending that the Court impose a term of imprisonment of 60 months, a 5-year term of supervised release, and a $100 special assessment.

The United States believes that a sentence of 60 months is fair, appropriate, and not greater than necessary considering the nature of Bergstrand's criminal conduct.

Dated this 7th day of May, 2014.

        TIMOTHY Q. PURDON
        United States Attorney


    By: /s/ Gary L. Delorme
      GARY L. DELORME
      Assistant United States Attorney
      P. O. Box 699
      Bismarck, ND  58502-0699
      (701) 530-2420
      N.D. Bar Board ID No. 05845
      Attorney for United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:13-CR-0157 |
| Plaintiff, ) | |
| ) | |
| v. ) | CERTIFICATE OF SERVICE |
| ) | |
| SHAWN ROGER BERGSTRAND, ) | |
| ) | |
| Defendant. ) | |

I hereby certify that on May 7, 2014, the following documents:

**UNITED STATES' SENTENCING MEMORANDUM**

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Ms. Heather Mitchell
Heather_mitchell@fd.org

I further certify that a copy of the foregoing documents will be mailed by first class mail, postage paid, to the following non-ECF participants:


Dated: May 7, 2014          /s/ Angel Pedersen
                            Angel Pedersen
                            Office of United States Attorney

6